IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:21-CR-834 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **DESTINY SWANSON,** | |
| | **MEMORANDUM OPINION AND** |
| **Defendant** | **ORDER** |

This matter is before the Court upon Defendant Destiny Swanson's ("Defendant") Motion for Reconsideration Of District Court's Denial Of Bail filed on February 3, 2022 ("Defendant's Motion"). (Doc. No. 44.) On February 11, 2022, the United States of America filed a Response in Opposition to Defendant's Motion ("the Government's Response"). (Doc. No. 49.) Defendant was given until February 18, 2022 to file a Reply to the Government's Response but did not do so. Defendant's Motion is now ripe for a decision.

**Background**

The Indictment filed in this case on December 2, 2021 charges Defendant with Conspiracy to Commit Mail Fraud and Wire Fraud in violation of Title 18 U.S.C. § 1349 (Count 1); Mail Fraud in violation of Title 18 U.S.C. § 1341 and 2 (Count 2); Unauthorized Use of an Access Device in violation of Title 18 U.S.C. § 1029(a)(2) (Count 10); and Aggravated Identity Theft in violation of Title 18 U.S.C. 1028(A)(1) and 2 (Counts 16 through 20). On December 8, 2021, Defendant was arrested, and on December 13, 2021, Magistrate Judge Jonathan Greenberg conducted a detention hearing. Much of the hearing was devoted to the Government's witness, Patrol Officer Nicole Tango, testifying regarding an incident that occurred on or about November

1

11, 2021 at or near the apartment of Defendant and Dashyra Jackson resulting in a gunshot wound to Ms. Jackson;[1] and ultimately the State of Ohio charging Defendant with the following offenses: Felonious Assault, causing serious physical harm to Dashyra Jackson (F2), with 1 and 3 year firearm specifications; Felonious Assault, knowingly causing or attempt to cause physical harm to Dashyra Jackson by means of a deadly weapon or dangerous ordnance, to wit: firearm, (F2) with 1 and 3 year firearm specifications; Domestic Violence, knowingly causing or attempt to cause physical harm to Dashyra Jackson, a family or household member (M1); Having Weapons Under Disability (F3) and forfeiture specifications involving 3 firearms; and Tampering with Evidence (F3). (Doc. No. 49-1, Cuyahoga County Indictment.)

Magistrate Judge Greenberg considered this testimony, along with information included in the Pretrial Services Report that included the following information. Defendant was out on bond pending her trial for charges of Methamphetamine Delivery and Possession of Methamphetamine in Illinois. (Doc. No. 12, PageID # 63.) Between May 23, 2013 and November 7, 2019, the Cuyahoga County Court of Common Pleas, the Cleveland Heights Municipal Court and the Cleveland Municipal Court, altogether, issued eleven (11) capiases for Defendant due to her failure to appear in those courts. (Doc. No. 12, PageID #s 58-63.) Also, while on probation at various times, Defendant violated the conditions of her probation four times. (*Id.*, PageID #s 59-61.)

Magistrate Judge Greenberg found that there is a serious risk that Defendant will not appear and that there is a serious risk that Defendant will endanger the safety of another person or the community; and concluded that the testimony and information submitted at the detention hearing established by clear and convincing evidence – based upon Defendant's criminal and substantial failure to appear; her history of criminal activity while under supervision; her pretrial and

---

[1] The Transcript of Detention Hearing Proceedings of 12/13/2021 is Docket Number 39. The Court has read the entire transcript of the detention hearing.

2

supervised release status and compliance; her prior arrests, convictions, and substance abuse history; her violent behavior history; her pattern of similar criminal activity history; and her history of domestic violence – that there is no condition or combination of conditions that will reasonably assure the appearance of Defendant and the safety of the community. (Doc. No. 14, PageID # 68.)

Pursuant to a Writ of Habeas Corpus Ad prosequendum requesting that the USMS allow the Cuyahoga County Sheriff's Department ("CCSD") to deliver Defendant from her then place of detention in USMS custody at the Medina County Jail to the Cuyahoga County Jail in the custody of the CCSD to face the state felony charges, Defendant was delivered to the Cuyahoga County Jail and is currently there pending her trial on the state charges. (Doc. No. 49-2.)

**Defendant's Motion and the Government's Response**

In Defendant's Motion, Defendant sets forth two bases for her request that this Court set a bail hearing and ultimately grant her a $10,000 bond so as to allow her pretrial release: 1.) changed circumstances, specifically a.) COVID-19 concerns, and b.) an assertion that the alleged victim in Defendant's state case "has now recanted her testimony, and if a hearing would be had would testify that the Defendant Destiny Swanson did not shoot her";[2] and 2.) because it is necessary for the preparation of her defense or for another compelling reason, pursuant to 18 U.S.C. § 3142(i).[3]

As to the first of the alleged changed circumstances, the COVID-19 Outbreak[4] Defendant's Motion includes information concerning the COVID-19 pandemic and citations to studies or articles discussing the higher risk of individuals contracting it in prison and jail populations;[5] and sets forth allegations concerning the conditions at the Cuyahoga County Jail that

---

[2] Defendant's Motion, Doc. No. 44, PageID # 200.
[3] *Id.*, Page # 194.
[4] *Id.*., PageID #s 194-95. Also, Defendant asserts that "The circumstances that existed when Defendant Destiny Swanson was ordered detained have now changed. There is a pandemic that poses a direct risk that is far greater if Defendant Destiny continues to be detained during this public health crisis." *Id.*, PageID # 198.
[5] *Id.*, PageID #s 195-96.

"promote infection and rapid transmission of the coronavirus."[6] No further detail is provided relative to the second alleged changed circumstance, i.e., the alleged recantation of the victim, Ms. Jackson, in the state case, and no affidavit is provided to this effect. Defendant does aver that if a hearing is held on Defendant's Motion, Ms. Jackson will testify that Defendant did not shoot her.

In support of her second basis for reconsideration of her detention and release, Defendant alleges that "[t]he imposed restrictions have hampered this Attorney's ability to consult and prepare the Defendant's case, since we are no longer able to meet and exchange documents for fruitful exchange of information."[7] Defendant submits that if she is given a $10,000 bond with electronic monitoring, she can be released and will reside at her residence with her brother Misean Ward, and her mother will assist in the maintenance and payment of expenses and utilities. (Doc. No. 44, PageID #s 194, 200.)

In the Government's Response, the Government argues that Defendant's generalized information concerning the COVID-19 pandemic, her failure to identify any conditions or issues she alleges exist at the Cuyahoga County Jail that are having any specific effect on her personally, or any medical conditions that would increase her chances for contracting COVID-19 or result in serious consequences to her health if she did, do not demonstrate a change of circumstance warranting the reopening of the detention hearing. Moreover, the Government points out that Defendant herself reported to officials at the Medina County Jail that she had received two doses of the COVID-19 vaccine in July and December of 2021; and the Government has confirmed that while at the Cuyahoga County Jail Defendant can get the vaccine if she has not in fact received it yet. The Government does not address the alleged changed circumstance of the recantation of the victim-witness Jackson in the state court case.

---

[6] *Id.*, PageID # 197.
[7] *Id.*

As to Defendant's second basis upon which she seeks reconsideration of her detention and pretrial release on a $10,000 bond, the Government argues that Defendant has not identified the perimeters of a "temporary" release necessary to allow her and her counsel to prepare for trial; the trial date is not until July 18, 2022 giving Defendant ample time to consult with her attorney to prepare for trial; Defendant is not in the custody of the USMS, but rather the State of Ohio and upon her release from the writ of habeas corpus ad prosequendum, she will be returned to the custody of the USMS at the Medina County Jail and until then, and if/as necessary, she can move to have this Court return her to USMS custody to ensure necessary trial preparations with her attorney.

### Law and Analysis

18 U.S.C. § 3145(b) provides:

(b) Review of a detention order.—If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. \*\*\*

District courts exercise *a de novo* review of a magistrate judge's release or detention order. *United States v. Fitzhugh*, 2016 WL 4727480 (E.D. Mich Sept. 12, 2016) (citations omitted). "[A] district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate but reach its own independent conclusion." *United States v. Leon*, 766 F.2d 77, 80 (2nd Cir.1985).

Title 18 U.S.C. § 3142 "provides the framework for the district court's analysis as to whether release pending trial is proper." *United States v. Williams*, 2020 WL 2529356 (E.D.Tenn. May 18, 2020) (citing *United States v. Webb*, 238 F.3d 426, at \*2 (6th Cir. 2000) (table opinion).

"The ultimate touchstone of this analysis is 'whether there are conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community.' § 3142(g)." *Id*. Courts must consider the following: (1) the nature and circumstances of the offense charged, including whether it is a crime involving a controlled substance; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, e.g., his or her character, mental and physical condition, family and community ties, financial resources, criminal history, and substance-abuse history; and (4) the nature and seriousness of the danger posed to the community by the defendant's potential release. *Id*.

A detention hearing may be reopened only after a 'judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.' 18 U.S.C. ¶ 3142(f)." Specifically as relates to Defendant's Motion, and as the Government correctly asserts, pursuant to 18 U.S.C. § 3142(f)(2)(B), a district court may reopen a detention hearing based on changed circumstances, as Defendant alleges has occurred here, where new information: (1) was unknown to the movant at the time of the detention hearing; and (2) it has "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community."

As far as whether a hearing is required, while the Bail Reform Act is silent about whether a defendant is entitled to an in-court hearing on an appeal of a detention order, there is ample authority for the conclusion that the Court may decide the motion on the filings (including proffers offered by counsel) as opposed to a hearing.  18 U.S.C. § 3145(b) establishes that "[i]f a person is ordered detained by a magistrate judge" that person "may file, with the court having original

6

jurisdiction over the offense, a motion for revocation or amendment of the order." Upon such a motion, the court must make a *de novo* "determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge." *United States v. Sidbury*, No. LWF-15-184, 2015 WL 8481874, at *1 (E.D.N.C. Dec. 8, 2015) (citing *United States v. Williams*, 753 F.2d 329, 333-34 (4th Cir. 1985)). The court "may conduct an evidentiary hearing" as part of its review. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). However, "there is no statutory requirement that the court hold a hearing" and the court "retains the discretion to decide whether to hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019). *See also*, *Williams*, 753 F.2d at 331 (recognizing that the court may permit the parties to "introduce proffers of evidence" as an alternative way to allow the introduction of new evidence); *United States v. Hensler*, 18 F.3d 936 (5th Cir. 1994) (holding defendant was not entitled to evidentiary hearing); *King*, 849 F.2d at 490 ("based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct.").

For the reasons asserted by the Government, the Court rejects Defendant's argument that COVID-19 concerns constitute a changed circumstance warranting a reconsideration of her order of detention. Covid-19 concerns for jailed defendants existed at the time of the detention hearing, but that issue or concern was not raised at the time of the detention hearing. While Defendant has been transferred from one jail (Medina County Jail) to another jail (Cuyahoga County Jail), she is nonetheless being detained under circumstances that make it difficult to socially distance. However, Defendant has not pointed to, much less established, any personal circumstance or issue that she has experienced or is experiencing that puts her at higher risk for contracting COVID-19

7

or suffering serious consequences if she does. Moreover, if she has not yet been vaccinated, she can be. *See United States v. Lemons*, (6th Cir. 2021), 15 F.4th 747 751 (where, in the context of evaluating a motion for compassionate release, the Court explained "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction….After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated.").

As to the alleged "change circumstance" that Ms. Jackson has recanted her statement that Defendant shot her, Defendant did not present any evidence to this effect. Moreover, even if she had, the fact remains that according to the sworn testimony of Patrol Officer Nicole Tango, Ms. Jackson told Officer Tango that Defendant did shoot her. Assuming *arguendo* that Ms. Jackson has recanted or will recant her statement to Officer Tango, this is an issue of credibility that will and should be left for a determination at the time of the trial on the state charges. This Court is not going to preempt that determination by giving credence at this junction to any alleged recantation. Even if this allegation of Ms. Jackson's recantation can be construed as arguing that there is no serious risk that Defendant will endanger the safety of another person or the community, the Court rejects that argument. Again, there is sworn testimony from Officer Tango at the detention hearing that Ms. Jackson did tell her that Defendant shot her. Moreover, the fact remains that whether Defendant shot Ms. Jackson, officers found 3 weapons in the apartment that they shared, while Defendant was out on bond in the Illinois case.

Finally, as to Defendant's second basis set forth in support of her request for release, the Government's arguments in opposition thereto, as summarized *infra*, are well-taken. Having conducted a *de novo* review of the factors under 3142(g) and agreeing with Magistrate Judge

Greenberg in his evaluation of same, the Court finds that there is a serious risk that Defendant will not appear and there is a serious risk that Defendant will endanger the safety of another person or the community if she is released on bond.  Therefore, Defendant's Motion is DENIED.

    **IT IS SO ORDERED.**

Date:  March 7, 2022

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE